UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAVID BELLAMY, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. H-16-02925 |
| | § | |
| HARRIS COUNTY, TEXAS, *et al*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

David and Heidi Bellamy sued Harris County, Texas and then-Harris County District Attorney Devon Anderson under 42 U.S.C. § 1983, alleging civil-rights violations. (Docket Entry No. 8). Harris County and the District Attorney's office moved to dismiss, Mr. and Ms. Bellamy responded, and the defendants replied. (Docket Entries No. 2, 11, 16, 15, 19, 28). After careful review of the complaint, the briefs, and the applicable law, the court grants the motions to dismiss with prejudice, and enters final judgment by separate order.[1] The reasons for these rulings are explained below.

**I.   Background**

The Bellamys' amended complaint alleges that police officers stopped their car in a traffic stop, searched it, then falsely claimed to find drugs and drug paraphernalia. The police then arrested, detained, and charged David Bellamy with a criminal offense, allegedly without legitimate basis and in violation of his federally protected rights. (Docket Entry No. 8 at 2-3). The complaint

---

[1] Devon Anderson is no longer the district attorney for Harris County. None of the parties to the suit has opined on whether the new district attorney, Kim Ogg, should be substituted as the defendant here. The complaint does not specify whether it seeks relief against Devon Anderson in her personal or official capacity. Because the court concludes that there is no basis for relief against either defendant, the change in office is not material to the outcome.

further alleges that the District Attorney's office engaged in improper plea-bargaining tactics by lying about the existence of inculpatory evidence. In the alternative, the complaint alleges that the District Attorney's office destroyed any inculpatory evidence it had, but concealed that fact from the defense. Instead, the District Attorney's office continued to represent that inculpatory evidence existed in order to manipulate Mr. Bellamy into accepting a plea bargain, notwithstanding the fact that the prosecutors knew there was no inculpatory evidence.

The Bellamys have sued Harris County and District Attorney Devon Anderson under § 1983. The complaint alleges that "Harris County engaged in a wide-spread custom or practice of knowingly destroying evidence and not providing that information to those accused of crimes, and then leveraging guilty pleas and convictions with alleged evidence that either never existed, or did not exist during plea negotiations and entry of such pleas. Such a policy was implemented by Harris County and/or Devon Anderson, under the color of state law, and it was used to deprive Mr. Bellamy of his rights and privileges." (*Id.* at 3). The complaint alleges that Mr. Bellamy was arrested and detained without probable cause; that the County and the District Attorney knew that there was no evidence to show probable cause; that they failed to turn over exculpatory evidence or inform Mr. Bellamy that there was no evidence against him; and that they pursued a conviction or plea despite knowing that there was no evidence of his guilt. (*Id.* at 3-5).

## II.     The Legal Standard Under Rule 12(b)(6)

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), the Supreme Court confirmed that Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2). To withstand a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a

claim to relief that is plausible on its face." *Id.* at 570; *see also Elsensohn v. St. Tammany Parish Sheriff's Office*, 530 F.3d 368, 372 (5th Cir. 2008). In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court elaborated on the pleading standards discussed in *Twombly*. The Court explained that "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555). *Iqbal* explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

## III. Analysis

### A. The District Attorney's Motion to Dismiss

District Attorney Anderson's motion to dismiss is granted with prejudice because the facts alleged, taken as true, show that she is entitled to absolute immunity as a matter of law. The misconduct that the Bellamys allege falls within the scope of the immunity doctrine. The Bellamys allege that District Attorney Anderson wronged Mr. Bellamy (and by extension, Ms. Bellamy) by knowingly filing baseless criminal charges against him; by failing to produce exculpatory evidence or admit that there was no inculpatory evidence; and by attempting to coerce him to plead guilty. Absolute immunity protects the decision to file charges, even when, as here, the plaintiff alleges that the prosecutor knew that the case was baseless. *Brummett v. Camble*, 946 F.2d 1178, 1181 (5th Cir. 1991). Absolute immunity similarly protects decisions on the disclosure of evidence, even when, as here, exculpatory evidence (or the absence of inculpatory evidence) was allegedly wrongfully concealed. *Cousin v. Small*, 325 F.3d 627, 635 (5th Cir. 2003). Absolute immunity protects prosecutors in the course of plea negotiations as well. *Humble v. Foreman*, 563 F.2d 780, 781 (5th Cir. 1977), *overruled on other grounds by Sparks v. Duval Cty. Ranch Co.*, 604 F.2d 976 (5th Cir.

1979); *see also Tubwell v. Dunn*, 12 F.3d 1097 (5th Cir. 1993) (unpublished table decision) (citing *Humble* and *Taylor v. Kavanagh*, 640 F.2d 450, 453 (2d Cir. 1981)); *Pfeiffer v. Hartford Fire Ins. Co.*, 929 F.2d 1484, 1492 (10th Cir. 1991); *Hernadez v. Kirkendall*, No. 13-CV-0685-DAE, 2014 WL 3853642, at *3 (W.D. Tex. Aug. 5, 2014); *Hart v. Harris Cty. D.A.*, No. CIV.A H-09-2145, 2009 WL 3602076, at *2 (S.D. Tex. Oct. 27, 2009).

The Bellamys' attempt in their responsive brief to cast the complaint as relating to an "administrative" action by District Attorney Anderson, (Docket Entry No. 19 at 3-6), does not salvage the claim. The complaint alleges that District Attorney Anderson herself was the one who took various improper actions. There is only a brief and nonspecific allegation that "Harris County engaged in a wide-spread custom or practice" of various rights violations and that District Attorney Anderson implemented the policy. (Docket Entry No. 8 at ¶ 9).

Even assuming that that is sufficient to state a claim against District Attorney Anderson as a supervisor or policymaker, the Supreme Court has anticipated and rejected similar claims, holding that absolute immunity protects a prosecutor's performance of supervisory or administrative duties that are intimately related to core prosecutorial functions, such as supervision, policymaking, and training on *Brady* obligations. *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009).

The Court made it clear in *Van de Kamp* that the sort of administrative duties that fall outside of the scope of absolute immunity are more in the line of "workplace hiring, payroll administration, the maintenance of physical facilities, and the like." *Id.* Those are not the kind of "administrative" duties that the Bellamys allege here. Instead, they allege administrative actions like those in *Van de Kamp*, which related to a prosecution office's training, supervision, policies, and information-management systems on *Brady* material. There, as here, the alleged actions all required "legal

4

knowledge and the exercise of related discretion," putting them within the protection of absolute immunity. *Id.* at 344.

This case runs headlong into the problem that the *Van de Kamp* court sought to avoid: if District Attorney Anderson had individually committed each of the wrongs that the complaint alleges, she would be absolutely immune. Refusing to recognize that immunity based on allegations that the same actions were done by the same person in the same office, but in a supervisory or policymaking role, would "eviscerate" the immunity doctrine. *Id.* at 347. District Attorney Anderson is absolutely immune for the alleged wrongs in the complaint. Her motion to dismiss is granted.

### B. Harris County's Motion to Dismiss

Harris County's motion to dismiss is granted because, as a matter of law, Texas counties are not liable for a district attorney's actions carried out in the course of enforcing state law. "Texas law makes clear . . . that when acting in the prosecutorial capacity to enforce state penal law, a district attorney is an agent of the state, not of the county in which the criminal case happens to be prosecuted." *Esteves v. Brock*, 106 F.3d 674, 678 (5th Cir. 1997). The result is that "the actions of a Texas district attorney within the scope of [her] prosecutorial function during a criminal proceeding do not constitute official policy for which a county can be held liable." *Id.*; *see also George v. Harris Cty., Tex.*, No. CIV.A. H-10-3235, 2012 WL 2744332, at *16 (S.D. Tex. July 9, 2012) ("Consequently, the Fifth Circuit said, counties cannot be held liable for the actions of a district attorney engaged in a criminal prosecution." (quoting *Davis v. TDCJ*, Civ. A. No. 5:08-cv-166, 2009 WL 2601443, at *6 (E.D.Tex. Aug.20, 2009)). All of the Bellamys' allegations stem from the District Attorney's office's treatment of Mr. Bellamy, actions that occurred in the course of the office's performance of state law-enforcement duties. Taking the alleged facts as true, as a matter

of law, the Bellamys have failed to state a claim on which relief can be granted against Harris County.

**IV.     Conclusion**

For the reasons explained in this opinion, the motions to dismiss, (Docket Entries No. 2, 16), are granted. The dismissal is with prejudice and without leave to amend because amendment would be futile. The district attorney's alleged actions are protected by absolute immunity because they are prosecutorial decisions made in Mr. Bellamy's case. The County is not an appropriate defendant in a case challenging the District Attorney's actions in enforcing state criminal law.

SIGNED on May 15, 2017, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge